972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barbara J. MCCREE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3139.
 United States Court of Appeals, Federal Circuit.
 June 5, 1992.
 
 Before PAULINE NEWMAN, MICHEL and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Barbara J. McCree petitions for review of the August 9, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. DC831E9110519, which became final when the Merit Systems Protection Board (Board) denied review on November 21, 1991, that the Office of Personnel Management (OPM) acted reasonably in dismissing as untimely her request for reconsideration of OPM's denial of disability retirement benefits. We affirm.
 
 DISCUSSION
 
 2
 We may not upset the AJ's decision unless we determine that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bradley v. Veterans Admin., 900 F.2d 233, 234 (Fed.Cir.1990) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 3
 The record reveals that the AJ considered, but discredited, Ms. McCree's allegation that she had attached a note requesting reconsideration to her application for refund of retirement deductions on March 21, 1981. On appeal to us, the AJ's credibility determinations are virtually unreviewable and ordinarily must stand. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Moreover, the AJ noted both the lack of documentary evidence of such a note and Ms. McCree's apparent failure to mention the note until her appeal to the Board. Slip op. at 3. There is thus substantial evidence in the record to support the AJ's finding that Ms. McCree did not submit a timely request for reconsideration to OPM.
 
 
 4
 By letter dated March 5, 1981, OPM advised Ms. McCree of her right to seek reconsideration. Respondent's Appendix at 13. Ms. McCree contends that she received conflicting information about the deadline to file a request for reconsideration, and that she was not aware of the availability of waivers of the time limit until a communication with her Congressman's aide in 1987. But the AJ found, and substantial evidence supports, that any confusion over the rules was attributable to her negligent failure to read OPM's letter. Slip op. at 4, 5.
 
 
 5
 Nor has Ms. McCree demonstrated that the Board committed reversible error in finding she was not incapable of requesting reconsideration. Based upon undisputed evidence, the AJ found that she had significant interaction with both OPM and her employing agency during the relevant time period, which shows that her mental and physical condition did not incapacitate her from making a timely request. Nor did she lack capacity to articulate reasons, if any, that might excuse late filing and permit waiver of the deadline. Accordingly, we have no basis to reverse the Board in this case.